UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
In re                                     :     Chapter 11
                                          :
MARK IV INDUSTRIES, INC., et al.,         :     Case No. 09-12795 (SMB)
                                          :
                        Debtors.          :     (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FINAL ORDER (I) AUTHORIZING CONTINUED USE OF EXISTING
(A) BANK ACCOUNTS, (B) CASH MANAGEMENT SYSTEM, AND (C) BUSINESS
FORMS AND CHECKS; AND (II) AUTHORIZING THE CONTINUATION OF
INTERCOMPANY TRANSACTIONS AMONG THE DEBTORS
AND NONDEBTOR AFFILIATES AND ACCORDING SUPERPRIORITY STATUS TO
ALL POSTPETITION INTERCOMPANY CLAIMS**

Upon the motion (the "Motion") of the Debtors[1] for interim and final orders under

Bankruptcy Code sections 105, 363, 364, 503(b)(1) and 553 (a) authorizing the Debtors'

continued use of their existing (i) bank accounts, (ii) business forms and checks, and (iii) cash

management system; and (b) authorizing the continuation of intercompany transactions among

Debtors and nondebtor affiliates and according superpriority status to all postpetition

intercompany claims; and upon the First Day Affidavit of Mark G. Barberio [Docket No. 32];

and the Court having entered an order (the "Interim Order") on May 4, 2009 granting certain

relief requested in the Motion on an interim basis and establishing a final hearing (the "Final

---

[1] The Debtors (along with the last four digits of each of their federal taxpayer identification numbers) are: Aerospace Sub, Inc. (7835); Armtek International Holding Company, Inc. (3145); Automatic Signal/Eagle Signal Corp. (0078); Dayco Products, LLC (8206); F-P Displays, Inc. (3765); F-P Technologies Holding Corp. (5274); Former Fuel Systems, Inc. (6178); Luminator Holding L.P. (8463); Luminator Service Inc. (3077); Mark IV Holdings, LLC (9139); Mark IV Industries, Inc. (3979); Mark IV Invesco, LLC (0896); Mark IV IVHS Holding Corp. (1674); Mark IV Pay Agent, Inc. (6834); Mark IV Transportation Technologies Holding Corp. (1626); NRD, LLC (8658); Seebreeze Wireless Holdings, L.P. (4388); and Woods Liquidating Corp. (3977).

Hearing") date on the Motion of May 27, 2009 at 11:00 a.m.; and due and sufficient notice of the Motion, the Interim Order and the Final Hearing having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. <u>Maintenance Of Bank Accounts</u>.  Pursuant to section 363 of the Bankruptcy Code, the Debtors, in their discretion, are authorized and empowered to: (a) designate, maintain, and continue to use any and all of their respective lockbox, depository, receipt, concentration, payroll disbursement, nonpayroll disbursement, and other accounts (collectively, the "<u>Prepetition Bank Accounts</u>") in existence as of April 30, 2009 (the "<u>Petition Date</u>"), with the same account numbers, including, without limitation, the accounts identified in <u>Exhibit A</u> attached hereto, at the financial institutions identified therein (collectively, the "<u>Banks</u>"), regardless of whether such financial institutions are designated depositories in the Southern District of New York, (b) if necessary, open new accounts and give the Office of the United States Trustee (the "<u>U.S. Trustee</u>") prompt notice of each such newly-opened account, wherever it is needed, regardless of whether the financial institution maintaining such account is a designated depository in the Southern District of New York, provided that any new account shall be with a bank that is insured with the FDIC or the FSLIC and that is organized under the laws of the United States or any State therein (such new accounts, together with the Prepetition Bank Accounts, are hereinafter referred to as the "<u>Bank Accounts</u>"), (c) treat the Bank Accounts for all purposes as accounts of the Debtors in their capacity as debtors-in-possession, and (d) close any Bank Account.

2. <u>Use of Existing Business Forms</u>.  The Debtors are authorized to continue to use their existing business forms including, but not limited to, letterhead, purchase orders, invoices, contracts, and checks (collectively, the "<u>Business Forms</u>"); <u>provided</u>, <u>however</u>, the Debtors shall use their reasonable best efforts to include the legend "Debtor-in-Possession" or a "debtor-in-possession number" on such Business Forms.

3. <u>Cash Management Systems</u>.  The Debtors are authorized to continue to use their existing cash management systems, as generally delineated in the flow chart attached as <u>Exhibit B</u> hereto and as further described in the Motion (the "<u>Cash Management System</u>"), and shall maintain through the use thereof detailed records reflecting all transfers of funds, including intercompany services and corresponding transfers among appropriate intercompany accounts (collectively, the "<u>Intercompany Transactions</u>"), under the terms and conditions provided for by the existing agreements with the institutions participating in the Debtors' cash management systems, except as modified by this Order.  In connection with the ongoing utilization of their cash management systems, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions, including Intercompany Transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts.

4. After the Petition Date, and subject to the terms of this Order, all banks at which the Bank Accounts are maintained are authorized and directed to continue to administer the Bank Accounts as such accounts were maintained prepetition, without interruption and in the usual and ordinary course, and to pay any and all checks, wire transfers, automated clearing house ("<u>ACH</u>") transfers, electronic fund transfers, or other items presented, issued, or drawn on any of the Bank Accounts; <u>provided</u>, <u>however</u>, that unless otherwise ordered by this Court, no checks, drafts, ACH transfers (excluding any ACH transfer the banks are obligated to settle), or

other items presented, issued, or drawn on any of the Bank Accounts prior to the Petition Date shall be honored.

5. Each Bank at which a disbursement account is maintained shall implement reasonable handling procedures designed to effectuate the terms of this Order.  No Bank which implements such handling procedures and then honors a prepetition check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtors to honor such prepetition check or item, (b) in good faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as a result of an innocent mistake made despite implementation of such handling procedures, shall be deemed to be liable to the Debtors or their estates or otherwise in violation of this Order.

6. Subject to the provisions of this Order, the Banks are authorized and directed to honor all representations from the Debtors as to which checks should be honored or dishonored and any final payment made by a Bank prior to the Petition Date (including any ACH transfer that the Banks are or become obligated to settle) against any of the Bank Accounts, or any instrument issued by a Bank on behalf of any Debtor pursuant to a "midnight deadline" or otherwise, shall be deemed to be paid prepetition, whether or not actually debited from any Bank Account prepetition.

7. Each of the banks at which the Bank Accounts are maintained are hereby authorized to credit, debit, and/or refund amounts in the ordinary course of business to and/or from the Bank Accounts it maintains in respect of returned items, chargebacks, or other cash management losses and unpaid fees regardless of whether any such returned items, chargebacks, losses, or unpaid fees were incurred or first became due prior to or after the Petition Date.

8. All third party service providers with whom the Debtors directly or indirectly have contracted to provide services in connection with the operation of their cash management systems are authorized and directed to continue to provide to the Debtors those services they provided prior to the Petition Date, until further order of this Court.

9. <u>Intercompany Transfers And Setoff</u>. The Debtors are authorized, from and after the Petition Date, to continue to engage in the Intercompany Transactions in the ordinary course of the Debtors' businesses.

10. Pursuant to section 364(c)(1) of the Bankruptcy Code, all intercompany claims against a Debtor by another Debtor arising after the Petition Date as a result of intercompany transactions and allocations be accorded superpriority status, with priority over any and all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code, subject and subordinate only to (a) the priorities, liens, claims and security interests granted under any debtor-in-possession financing facility approved by this Court or any order granting adequate protection to the prepetition secured lenders and (b) other valid liens.

11. The Debtors and their non-Debtor affiliates are authorized to set off prepetition obligations arising on account of Intercompany Transactions between a Debtor and another Debtor, or between a Debtor and a non-Debtor, in accordance with their existing practices regarding the monthly netting of intercompany payables and receivables.

12. The authority and approvals granted by the terms of this Order to the Debtors, including with respect to the maintenance of the Bank Accounts and the continuation of the Cash Management System, shall be, in all respects, subject to the terms, conditions and limitations set forth in the order approving the Debtors' postpetition financing.

13. Notwithstanding the possible applicability of Bankruptcy Rule 6004, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
      May 27, 2009

                      **/s/    STUART M. BERNSTEIN**
                      UNITED STATES BANKRUPTCY JUDGE