**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
   In re                                      :    Chapter 11
                                              :
MARK IV INDUSTRIES, INC., et al.,             :    Case No. 09-12795 (SMB)
                                              :
                                              :    (Jointly Administered)
              Debtors.                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

### ORDER APPROVING (I) THE FORM AND MANNER OF NOTICE OF THE DISCLOSURE STATEMENT HEARING, (II) THE DISCLOSURE STATEMENT, (III) THE PROCEDURES FOR THE TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES ONLY, THE VOTING RECORD DATE, THE VOTING DEADLINE AND CERTAIN OTHER PROCEDURES, (IV) THE FORM AND MANNER OF NOTICE OF THE CONFIRMATION HEARING, INCLUDING NOTICE OF PROCEDURES FOR FILING OBJECTIONS TO (A) THE PLAN AND (B) TO THE ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (V) <u>SOLICITATION PROCEDURES FOR CONFIRMATION OF THE PLAN</u>
(Related to Docket No. 329)

This matter having come before the Court upon the motion, dated July 8, 2009 (the "<u>Solicitation Procedures Motion</u>") of Mark IV Industries, Inc. ("<u>Mark IV</u>") and certain of its U.S. subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned jointly-administered chapter 11 cases (collectively with Mark IV, the "<u>Debtors</u>")[1] seeking an order pursuant to sections 105(a), 1125(b), 1126(b) and 1128 of title 11 of the United States Code (the

---

[1] The following U.S. subsidiaries' and affiliates' (along with the last four digits of each of their federal taxpayer identification numbers) chapter 11 cases are jointly-administered with Mark IV's (3979) chapter 11 case: Aerospace Sub, Inc. (7835); Armtek International Holding Company, Inc. (3145); Automatic Signal/Eagle Signal Corp. (0078); Dayco Products, LLC (8206); F-P Displays, Inc. (3765); F-P Technologies Holding Corp. (5274); Former Fuel Systems, Inc. (6178); Luminator Holding L.P. (8463); Luminator Service Inc. (3077); Mark IV Holdings, LLC (9139); Mark IV Invesco, LLC (0896); Mark IV IVHS Holding Corp. (1674); Mark IV Pay Agent, Inc. (6834); Mark IV Transportation Technologies Holding Corp. (1626); NRD, LLC (8658); Seebreeze Wireless Holdings, L.P. (4388); and Woods Liquidating Corp. (3977). The Debtors together with all of Mark IV's non-Debtor subsidiaries and affiliates are collectively referred to herein as the "<u>Company</u>".

"Bankruptcy Code"), rules 2002, 3003, 3016, 3017, 3018, 3020 and 6006 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and rules 3017-1, 3018-1, 3019-1, 3020-1 and 6006-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), approving (a) the form and manner of notice of the hearing to approve the Debtors' disclosure statement [Docket No. 373] (attached hereto as Exhibit A, the "Disclosure Statement") with respect to the First Amended Joint Plan of Reorganization of Mark IV Industries, Inc. and its Affiliated Debtors and Debtors-in-Possession (as may be subsequently amended, supplemented, or otherwise modified, the "Plan")[2], (b) the Disclosure Statement, (c) the voting record date, the voting deadline, procedures for the temporary allowance of claims for voting purposes only and certain other procedures for voting on the Plan, (d) the form and manner of notice of the hearing to confirm the Plan and the procedures for filing objections to the Plan, and (e) the solicitation procedures for confirmation of the Plan, including the form of the Solicitation Package (defined below) and the notices to be distributed with respect thereto; a hearing having been held on July 28, 2009 (the "Disclosure Statement Hearing"), at which time all interested parties were offered an opportunity to be heard with respect to the Disclosure Statement and the Solicitation Procedures Motion; and the Court having reviewed (a) the Disclosure Statement, all modifications thereto, and the objections thereto, if any, (b) the Solicitation Procedures Motion, and objections thereto, if any, (c) arguments of counsel made, and the evidence proffered or adduced at the Disclosure Statement Hearing; and it appearing to the Court that (i) it has jurisdiction over the matters raised in the Solicitation Procedures Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. §§

---

[2] Capitalized terms used in this Solicitation Procedures Motion but not defined herein shall have the meanings ascribed to such terms in the Plan.

157(b)(2); (iii) the relief requested in the Solicitation Procedures Motion is in the best interests of the Debtors, their estates and their creditors; (iv) the notice of the Solicitation Procedures Motion and the Disclosure Statement Hearing was good and sufficient and that no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, that the relief should be granted as set forth below,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

**I.     Approval of the Form and Manner of Notice of the Disclosure Statement Hearing**

1. The form of notice of the Disclosure Statement Hearing, attached hereto as Exhibit B (the "Disclosure Statement Hearing Notice"), and the manner used by the Debtors to provide such notice, are approved.

**II.    Approval of Disclosure Statement**

2. Pursuant to Fed. R. Bankr. P. 3017(b), (a) the Disclosure Statement is approved as containing adequate information regarding the Plan within the meaning of section 1125(a) of the Bankruptcy Code, and (b) to the extent not withdrawn, settled or otherwise resolved, all objections to the Disclosure Statement are overruled.

3. The Debtors are authorized to make non-material changes to the Disclosure Statement and related documents (including the appendices thereto) before distributing Solicitation Packages to each creditor or other party-in-interest in accordance with the terms of this Order; provided that the Debtors shall file copies with the Court of any changed pages black lined to show changes from the prior version.

## III. Establishment of the Voting Record Date, the Voting Deadline, Procedures for Temporary Allowance of Claims for Voting Purposes and Certain Other Procedures

A. Voting Record Date

4. Notwithstanding anything to the contrary in Bankruptcy Rule 3018(a), the date this Order is entered on the Court's docket shall be the record date (the "Voting Record Date") for determining (a) the creditors and interest holders that are entitled to receive the Solicitation Package; (b) the creditors and interest holders entitled to vote to accept or reject the Plan (subject to the procedures set forth below); and (c) whether claims or interests have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of the claim or equity interest.

5. The proper holder of a scheduled claim shall be determined by reference to the Voting Agent's (defined below) claims register as may be modified by Notices of Transfer filed and reflected on the Court's official docket (ECF) at 11:59 p.m. (Eastern time) on the Voting Record Date.[3] Unless otherwise permitted pursuant to the procedures described below, the holders of any claims filed after the Voting Record Date shall not be entitled to vote.

B. Procedures for Temporary Allowance of Claims For Voting Purposes Only

6. Any creditor that does not have either a claim set forth on the Schedules or has not filed a proof of claim prior to the Voting Record Date shall not be entitled to vote unless a Voting Resolution Event (defined below) has occurred. A holder of a claim that is the subject of a proof of claim filed after the Voting Record Date shall not be entitled to vote such claim in

---

[3] For purposes of determining holders of First Lien Lender Claims and Second Lien Lender Claims, and the allowed amounts of such claims, the Debtors shall rely on the books and records of the First Lien Agent and the Second Lien Agent, as applicable, as of the Voting Record Date (unless otherwise instructed by the First Lien Agent or the Second Lien Agent).

an amount other than as set forth on the Schedules (if such claim is scheduled) unless one of the following shall have occurred with respect to such claim (each, a "Voting Resolution Event"):

  (a) Agreement Between the Parties. A stipulation or other agreement is executed between the holder of such claim and the Debtors allowing the holder of such claim to vote such claim in an agreed upon amount.

  (b) Order Under Bankruptcy Rule 3018(a). An order is entered by the Court, after notice and a hearing, temporarily allowing such claim for voting purposes pursuant to Bankruptcy Rule 3018(a). In order for a claim to be temporarily allowed for voting purposes, a creditor must file with this Court a motion seeking temporary allowance of such claim pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") on or before August 28, 2009 at 5:00 p.m. (Eastern time) (the "Rule 3018(a) Motion Deadline"). Rule 3018(a) Motions must: (i) be made in writing, (ii) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, (iii) set forth the name of the party asserting the Rule 3018(a) Motion, (iv) state with particularity the legal and factual bases for the Rule 3018(a) Motion, (v) be set for hearing at the Confirmation Hearing, and (vi) be served by personal service, overnight delivery, first class mail or facsimile so as to be RECEIVED by the Notice Parties (defined below) no later than the Rule 3018(a) Motion Deadline.

  (c) Other Order of the Court. The Court otherwise orders the allowance of such claim for purposes of voting to accept or reject the Plan.

  7. Any party timely filing and serving a Rule 3018(a) Motion shall be sent a Ballot and a pre-addressed, postage pre-paid envelope no later than two (2) business days after the Rule 3018(a) Motion Deadline and shall be permitted to cast a provisional vote to accept or reject the Plan prior to the Voting Deadline. In the event that the Debtors and such party are unable to resolve any issues raised by the Rule 3018(a) Motion prior to the Confirmation Hearing, (a) the Debtors may object to the Rule 3018(a) Motion at the Confirmation Hearing (without filing a written objection), (b) the Voting Agent shall inform the Court at the Confirmation Hearing whether including the relevant provisional Ballot would affect the outcome of the voting to accept or reject the respective Plan in the relevant class in which the provisional Ballot was cast, and (c) the Court then shall determine whether the provisional Ballot should be counted as a vote on the Plan.

8. With respect to all Voting Resolution Events other than an order entered by the Court temporarily allowing a claim for voting purposes pursuant to Bankruptcy Rule 3018(a),[4] the Debtors shall, no later than two (2) business days after such Voting Resolution Event, cause the Voting Agent to distribute a Ballot and a pre-addressed, postage pre-paid envelope to the relevant holder of the claim, which must be returned to the Voting Agent by no later than the Voting Deadline, unless such deadline is extended by the Debtors in their sole discretion to facilitate a reasonable opportunity for such creditor to vote upon the Plan.

C. Voting Deadline

9. The last date and time by which ballots ("Ballots") for accepting or rejecting the Plan must be received by the Voting Agent in order to be counted shall be September 15, 2009 at 5:00 p.m. (Eastern time) (the "Voting Deadline"). In order to be counted, Ballots must be returned to the Voting Agent **SMB 7/30/09 at the address listed in the Ballot** on or prior to the Voting Deadline either (a) by first-class, postage prepaid mail in the pre-addressed return envelope provided in a Solicitation Package with each Ballot or (b) by overnight delivery at the claimholder's expense. Ballots submitted by facsimile or electronic mail transmission shall not be counted.

D. Mailing and Publication Deadline

10. The Debtors shall cause the Voting Agent to complete the mailing of all of the Solicitation Packages by August 11, 2009 (the "Mailing Deadline"). The Debtors shall cause the publication of the Confirmation Hearing Notice (defined below) in (a) The Wall Street Journal (National Edition), (b) The Financial Times (Worldwide Edition), (c) the Chicago

---

[4] In the case of an order entered by the Court temporarily allowing a claim for voting purposes pursuant to Bankruptcy Rule 3018(a), Ballots shall have been mailed within two (2) business days of the filing of the Rule 3018(a) Motion as provided in the preceding paragraph.

Tribune, (d) The Niles Journal and Topics, and (e) the Asheville Citizen-Times (Asheville, North Carolina) by August 12, 2009 (the "Publication Deadline").

## IV. Approval of the Form and Manner of Notice of the Confirmation Hearing and Deadline and Procedures For Filing Objections and Replies Thereto

11. Pursuant to Bankruptcy Rule 3017(c), a hearing to consider confirmation of the Plan (the "Confirmation Hearing") shall take place on September 22, 2009 at 2:00 p.m. (Eastern time), to be continued, if necessary.

### A. Form of Confirmation Hearing Notice

12. The notice of the Confirmation Hearing and related matters, substantially in the form attached hereto as Exhibit C (the "Confirmation Hearing Notice"), is hereby approved.

### B. Manner of Notice by Publication

13. In addition to including the Confirmation Hearing Notice in the Solicitation Packages, the Debtors shall supplement such notice by causing the Confirmation Hearing Notice to be published in (a) The Wall Street Journal (National Edition), (b) The Financial Times (Worldwide Edition), (c) the Chicago Tribune, (d) The Niles Journal and Topics, and (e) the Asheville Citizen-Times (Asheville, North Carolina) on or before the Publication Deadline.

### C. Deadline and Procedures for Filing Confirmation Objections

14. Pursuant to Rule 3020(b)(1) of the Bankruptcy Rules, objections or responses, if any, to confirmation of the Plan ("Confirmation Objections") must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) set forth the name and address of the objector, and the nature and amount of any claim (or interest) asserted by the objector against (or in) the Debtors, their estates or their property; (d) state with particularity the grounds for the

objection and the legal and factual bases therefor; (e) identify with specificity the provisions of the Plan to which objection is made, including proposed language to be added to the Plan or existing language in the Plan to be modified or deleted to resolve such objection; (f) be filed, together with proof of service, either (1) electronically via the Court's website, http://www.nysb.uscourts.gov, in accordance with the electronic filing procedures approved by the Court, or (2) by hand with the Court at Office of the Clerk of the Court, United States Bankruptcy Court, Alexander Hamilton Courthouse, One Bowling Green, New York, New York 10004; and (g) be served by personal service, overnight delivery, or first-class mail, so as to be RECEIVED no later than 5:00 p.m. (Eastern time) on September 15, 2009 (the "Confirmation Objection Deadline") by the following parties (collectively, the "Notice Parties"):

Counsel for the Debtors

Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606-1720
Attn: J. Eric Ivester, Esq.
Attn: Matthew M. Murphy, Esq.

- and -

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
Attn: Jay M. Goffman, Esq.

U.S. Trustee

Office of the United States Trustee,
33 Whitehall Street
21st Floor, New York, NY 10004
Attn: Paul K. Schwartzberg, Esq.

> Counsel for the Creditors' Committee
>
> > Otterbourg, Steindler, Houston & Rosen, P.C.
> > 230 Park Avenue
> > New York, New York 10169
> > Attn: Scott L. Hazan, Esq.
> > Attn: Jenette A. Barrow-Bosshart, Esq.
>
> Counsel for the First Lien Agent and the DIP Agent
>
> > Simpson Thacher & Bartlett LLP
> > 425 Lexington Ave.
> > New York, New York 10017
> > Attn: Steven M. Fuhrman, Esq.

15. Confirmation Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

    D.    <u>Replies to Confirmation Objections</u>

16. The Debtors may file an Omnibus Reply to any Confirmation Objections. Such Omnibus Reply shall be filed, if at all, by September 18 , 2009 at 5:00 p.m. (Eastern time).

    E.    <u>Deadline and Procedures For Filing Objections to the Assumption or Rejection Of Executory Contracts and Unexpired Leases Pursuant to the Plan</u>

17. Objections to the assumption or rejection of executory contracts and unexpired leases pursuant to the Plan, including, without limitation, to Cure related to non-monetary defaults **SMB 7/30/09 or lack of adequate assurance of future performance** (a "<u>Non-Monetary Objection</u>"), must be raised in an objection to be filed no later than the Confirmation Objection Deadline. Any such Non-Monetary Objection will be litigated at the Confirmation Hearing or at such other time as the Bankruptcy Court may schedule. Any party failing to file a Non-Monetary Objection shall be deemed to have **SMB 7/30/09 waived any Non-Monetary Objection to assumption.** ~~consented to the assumption of such executory contract or unexpired lease and shall be forever barred from asserting an objection with respect to such assumption.~~

9

## V. Approval of the Solicitation Procedures

18. The solicitation procedures set forth below are good and sufficient and satisfy the requirements of the Bankruptcy Code and Bankruptcy Rules.

### A. Duties of the Voting Agent

19. In connection with the solicitation of votes with respect to the Plan, Epiq Bankruptcy Solutions, LLC shall serve as the voting agent for all creditors entitled to vote on the Plan (the "Voting Agent"). The Voting Agent is authorized and directed to assist the Debtors in, among other things, (a) mailing the Solicitation Packages, including the Confirmation Hearing Notice, (b) receiving and tabulating Ballots cast on the Plan, and (c) responding to inquiries from creditors relating to the solicitation process, the Ballots and matters related thereto. Ballots not received by the Voting Agent shall be null and void and shall not be counted.

### B. Ballots

20. The following Ballots, in substantially the forms attached hereto as Exhibits D-1 through D-3, are approved and shall be used in connection with the solicitation of votes on the Plan by holders of claims against the Debtors:

| | |
|---|---|
| Exhibit D-1 | Ballot for Holders of First Lien Lender Secured Claims (Class 6) |
| Exhibit D-2 | Ballot for Holders of General Unsecured Claims (Class 7) |
| Exhibit D-3 | Ballot for Holders of General Unsecured Convenience Claims (Class 8) |

21. All Ballots shall be accompanied by first-class, postage prepaid, return envelopes pre-addressed to the Voting Agent at Mark IV Industries Balloting Center, c/o Epiq Bankruptcy Solutions, LLC, P.O. Box 5014, FDR Station, New York, New York 10150-5014.

C. Contents and Transmittal of Solicitation Packages

22. Pursuant to Rule 3017(d) of the Federal Rules of Bankruptcy Procedure, on or before the Mailing Deadline, subject to the limitations set forth herein, the Debtors shall transmit or cause to be transmitted, to persons listed below, by first-class, postage prepaid mail, to holders of claims and/or interests, a solicitation package (the "Solicitation Package") containing a copy or conformed printed version of:

(a) the Confirmation Hearing Notice (sent to all creditors in the creditor matrix maintained by the Voting Agent);

(b) this Order (without exhibits attached) (sent only to those holders of claims entitled to vote on the Plan (Classes 6, 7 and 8 of each Debtor));

(c) if applicable, either (i) a Ballot for the appropriate class in which the creditor is entitled to vote (Classes 6, 7 and 8 of each Debtor), or (ii) in lieu of a Ballot, (A) an Unimpaired Creditor Notice (defined below and sent to holders of claims in Classes 1, 2, 3, 4 of each Debtor and holders of interests in Class 5 of each Subsidiary Debtor), (B) a Notice of Non-Voting Status (defined below and sent to holders of interests in Class 9 of Mark IV), or (C) a Notice of Contingent, Unliquidated Or Disputed Status (sent to holders of claims scheduled as contingent, unliquidated or disputed or scheduled as $0 or unknown in amount);

(d) a CD-ROM containing the Disclosure Statement, the Plan, and the materials appended thereto (sent only to those holders of claims entitled to vote on the Plan (Classes 6, 7 and 8 of each Debtor));

(e) a solicitation letter from the Creditors' Committee (sent only to those holders of claims entitled to vote on the Plan in Classes 7 and 8 of each Debtor); and

(f) such other information as the Court may direct or approve.

23. The following creditors, interestholders and other persons shall receive their relevant form of Solicitation Package: (a) the U.S. Trustee; (b) the Internal Revenue Service; (c) the Securities and Exchange Commission; (d) counsel to the Creditors' Committee and its members; (e) counsel to the administrative agent under the Debtors' first lien prepetition credit agreement and the Debtors' postpetition debtor-in-possession credit agreement; (f) creditors

holding allowed claims that are not classified in the Plan (e.g., Administrative Claims and Priority Tax Claims); (g) creditors holding allowed claims and interests designated as unimpaired (Classes 1, 2, 3, 4 of each Debtor and Class 5 of each Subsidiary Debtor), who are presumed to accept the Plan, are not entitled to vote, and, thus, will receive, in lieu of Ballots, Unimpaired Creditor Notices; (h) creditors holding allowed claims designated as impaired and who are entitled to vote on the Plan and, thus, will receive Ballots (Classes 6, 7 and 8 of each Debtor); (i) interestholders in Class 9 in the case of Mark IV, who will receive, in lieu of a Ballot, a Notice of Non-Voting Status; and (j) other parties in interest.

24. With respect to the parties set forth in the foregoing paragraph, parties holding allowed claims shall be those (a) whose claims are scheduled in the Debtors' Schedules (other than those scheduled as (x) contingent, unliquidated or disputed, and/or (y) zero or unknown in amount); (b) whose claims have temporarily been deemed allowed for voting purposes following the occurrence of a Voting Resolution Event; or (c) whose claims are allowed under the Plan, unless the Debtors and the claimant have agreed otherwise or unless otherwise ordered by the Court.

25. The Debtors shall file all exhibits to the Plan that are not otherwise already attached to the Plan (as filed with the Court) on or before September 8, 2009 at 5:00 p.m. (Eastern time) (the "Exhibit Filing Date"); provided, however, that Exhibit O (Schedule of Unexpired Leases and Executory Contracts) to the Plan shall be filed on or before September 1, 2009 at 5:00 p.m. (Eastern time).

D. Transmittal of Solicitation Packages to Certain Claim and Interestholders

26. The distribution of Solicitation Packages shall be subject to the following procedures as described below:

(a) <u>Unimpaired Claims</u>. Holders of allowed claims against each Debtor in Classes 1, 2, 3 and 4, and holders of allowed interests in each Subsidiary Debtor in Class 5, which creditors are proposed to be unimpaired under the Plan (the "<u>Unimpaired Creditors</u>"), shall receive a Solicitation Package that includes, in lieu of a Ballot, a notice of unimpaired creditor status in substantially the form attached hereto as <u>Exhibit E</u> (the "<u>Unimpaired Creditor Notice</u>"), which form is hereby approved.

(b) <u>Holders of Interests in Class 9 of Mark IV's Plan</u>. Pursuant to section 1126(g) of the Bankruptcy Code, holders of interests against Mark IV in Class 9 shall be deemed to have rejected the Plan with respect to Mark IV. The Debtors shall cause the Voting Agent to serve on or before the Mailing Deadline by first-class, postage prepaid mail, to holders of interests in Class 9 of Mark IV, a Solicitation Package that includes, in lieu of a Ballot, a notice of non-voting status in substantially the form attached hereto as <u>Exhibit F</u> (the "<u>Non-Voting Status Notice</u>"), which form is hereby approved.

(c) <u>Contingent, Unliquidated or Disputed Claims</u>. All persons or entities who are listed on the Schedules as having a claim or a portion of a claim which is contingent, unliquidated or disputed, or which is scheduled as $0 or unknown in amount, shall receive a Solicitation Package which contains, in lieu of a Ballot, a notice of contingent, unliquidated or disputed status in substantially the form attached hereto as <u>Exhibit G</u> (the "<u>Notice of Contingent, Unliquidated or Disputed Claim Status</u>"), which form is hereby approved.

E. <u>When No Notice or Transmittal Necessary</u>

27. No Solicitation Packages or other notices need be transmitted to (a) holders of claims that have already been paid in full or that are authorized to be paid in full in the ordinary course of business pursuant to orders entered by this Court or (b) any person to whom the Debtors mailed a notice of the meeting of creditors under Bankruptcy Code section 341 and such notice was returned marked "undeliverable" or "moved - no forwarding address" or for a similar reason, unless the Debtors have been informed in writing by such person of that person's new address.

F. <u>Procedures for Vote Tabulation</u>

28. <u>Voting Amounts</u>. Solely for the purpose of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a claim, each claim within a class of claims entitled to vote to accept or reject the Plan shall be temporarily

allowed in an amount equal to (a) the amount of such claim as set forth by the Debtors on the applicable Ballot delivered by the Debtors to such party; provided that the Debtors reserve the right to object to the amount of any claim set forth for voting purposes on a Ballot, (b) the amount otherwise agreed to by the Debtors and the applicable claimant, or (c) an amount ordered by the Court; provided, however, the Debtors reserve the right to object to any proof of claim on any grounds including for purposes of distribution, or to amend and/or supplement the Schedules.

29. Votes Counted. Any Ballot timely received from a party entitled to vote that contains sufficient information to permit the identification of the claimant and is cast as an acceptance or rejection of the Plan shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan in the amount set forth on the Ballot by the Debtors or, if no amount was set forth on the Ballot, in an amount (a) set forth in the Schedules, (b) otherwise agreed upon by the Debtors and the applicable claimant, or (c) otherwise ordered by the Court.

30. Votes Not Counted. The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

(a) any Ballot received after the Voting Deadline, if the Debtors have not provided an extension **SMB 7/30/09 authorized by the Court** of the time to file such Ballot;

(b) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

(c) any Ballot cast by a person or entity that is not entitled to vote to accept or reject the Plan;

(d) any unsigned Ballot;

(e) any Ballot timely received that is cast in a manner that neither indicates an acceptance or rejection of the Plan or which indicates both an acceptance and rejection of the Plan; or

(f) any Ballot submitted by email or facsimile transmission.

14

31. <u>Changing Votes</u>. Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots are cast voting the same claim prior to the Voting Deadline, the last-dated Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior Ballots, without prejudice to the Debtors' right to object to the validity of the last Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the last Ballot cast prior to such Ballot for all purposes.

32. <u>No Vote Splitting; Effect</u>. Claim splitting is not permitted. Creditors who vote must vote all of their claims within a particular class for each Debtor to either accept or reject the Plan.

G. <u>Copies of Review of Documents</u>

33. Imaged copies of the complete Plan and the Disclosure Statement, including after the Exhibit Filing Date any omitted exhibits to the Plan, are publicly available on the internet at the Bankruptcy Court's website, <u>http://www.nysb.uscourts.gov</u>, for a fee (a PACER account is required), or at the Company's restructuring website, <u>http://chapter11.epiqsystems.com/markiv</u>, free of charge. Copies of the Plan and the Disclosure Statement (including all exhibits and/or appendices thereto) also may be obtained by first-class mail from the Voting Agent, Epiq Bankruptcy Solutions, LLC, Attn: Mark IV Industries, 757 Third Avenue, 3rd Floor New York, New York 10017, Phone: 646-282-2400, Fax: 646-282-2501. Copies of the Plan and the Disclosure Statement (including all exhibits and/or appendices thereto) may also be reviewed during regular business hours (8:30 a.m. to 5:00 p.m. Eastern time on weekdays, except legal holidays) at the Office of the Clerk, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

Dated: New York, New York
      July 30, 2009

    **/s/  STUART M. BERNSTEIN**
UNITED STATES BANKRUPTCY JUDGE